(78 Misc. Rep. 404.)

BOURGEOIS v. BUSTANOBY et al.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

PARTNERSHIP (§ 35*)—CREATION—ESTOPPEL TO DENY—UNDISCLOSED PRINCIPAL—ESTOPPEL OF AGENT.

Where an order for champagne was signed "B. Bros., per L. B.," and was written upon a letter head bearing the names of L. B., A. B., and J. B., and below those names the words "B. Bros.," the fact that "B. Bros." was a corporation, actually doing business, did not prevent the stockholders from making contracts individually, or as a firm of the same name, and under the circumstances the order was equivalent to a direct representation that it was given by the firm of "B. Bros.," composed of L. B., A. B., and J. B., and estopped the members of the firm from showing that they acted only as agents of a corporation, making them liable.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 50; Dec. Dig. § 35.*]

Appeal from City Court of New York, Trial Term.

Action by Eugene Bourgeois against Louis Bustanoby, impleaded, etc. From a judgment rendered in favor of defendant Louis Bustanoby, after a trial before the court sitting without a jury, plaintiff appeals. Reversed, and judgment entered for the plaintiff.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

William H. Blymyer, of New York City, for appellant.

Gillespie & O'Connor, of New York City (Harold H. O'Connor and Nicholas A. Donnelly, both of New York City, of counsel), for respondent.

---

LEHMAN, J. The complaint herein alleges that the defendants entered into an agreement for the purchase of champagne, and have failed to pay the amount due. The defendant Louis Bustanoby answered by a general denial. At the trial it appeared that the champagne was ordered by letter signed "Bustanoby Bros., per Louis Bustanoby," and is written upon letter paper bearing at its head the names Louis Bustanoby, Andre Bustanoby, Jacques Bustanoby, and below these names the words "Bustanoby Bros." The defendant then introduced in evidence a certificate of incorporation of a corporation named "Bustanoby Bros." and the minutes of the corporation showing that it was actually doing business. The trial justice thereupon gave judgment for the defendant, holding that the sale was made to the corporation, even though the plaintiff did not know of its existence.

In this conclusion I think that the trial justice erred. The mere fact that a corporation existed under the name of Bustanoby Bros. does not prevent stockholders from making contracts individually, and, if they do make such contracts, they are personally liable; nor does it preclude the stockholders from forming a firm, and doing business under a firm name, even though the corporation may have also adopted the same name. In this case the order was given under circumstances equivalent to a direct representation that the firm of Bustanoby Bros., composed of Louis, Andre, and Jacques Bustanoby, was giving the order, and the plaintiff had a right to make the contract with them and to hold them liable. He sold the goods to this firm, and the members of that firm, joining in the representation that they constituted a firm, cannot be permitted to show that they were acting only as agents of a corporation. It seems to me that the case is simply one of undisclosed principal, where the agent has chosen to represent himself as a principal, and cannot thereafter show that he was in fact an agent. The defendants, having entered into a contract as a firm, cannot be permitted to show that, in fact, they were representing a corporation of similar name.

The judgment must therefore be reversed, with costs, and since, upon a new trial, the defendants cannot change the result, judgment should be entered for the plaintiff in the sum demanded in the complaint, with interest and costs. All concur.